UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD B. HALL, | ) | CASE NO. 4:05 CV 1950 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHRISTINE MONEY, | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On August 8, 2005, Donald Hall filed this a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 against Warden Christine Money at the Marion Correctional Institution in Marion, Ohio. Mr. Hall alleges that his conviction and the sentence he is serving are unlawful. He maintains that because his rights under the United States Constitution were violated by the Ohio Administrative Adult Parole Authority (APA) and the trial court, his guilty plea and conviction are rendered null and void and he is entitled to immediate release from prison.

*Background*

In January 1992, Mr. Hall was indicted on three counts of first degree rape, in violation of Ohio Revised Code § 2907.02(A)(1)(b) and (A)(2), and three specifications for use of force during the commission of the crimes. Each count carried a potential sentence of life

imprisonment. He initially entered a plea of not guilty by reason of insanity. The indictment was later amended to include one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4). On September 19, 1992, Mr. Hall withdrew his guilty plea, and pursuant to a plea bargain, entered a plea of guilty to the three counts of rape. In exchange, he was sentenced on November 9, 1992 to a term of 10 to 25 years for each rape charge, to be served concurrently. The use of force specifications and the gross sexual imposition charge were dismissed. Mr. Hall contends he was led by his attorney to believe that, with earned good time credits, he would be paroled after serving approximately seven years (84 months) of his sentence.

Six years later in 1998, and again in 2000, the Ohio Adult Parole Authority ("OAPA") revised its guidelines to evaluate a prisoner's suitability for release on parole. These guidelines assign a numerical offense category to an inmate based upon the nature of his or her crime. Each type of criminal offense under the laws of the State of Ohio is assigned to an offense category, with the least serious offenses being classified in Category 1 and the most serious offenses being classified in Category 13. The inmate is also given a risk score based upon several factors including the inmate's criminal record, and institutional behavior. The two numbers are then placed on a grid with the offense category score along the vertical axis and the criminal history/risk scores along the horizontal axis. At the intersection of the two scores is an "applicable guideline range" which determines the amount of time an inmate should serve before being considered suitable for release. During the inmate's first hearing under the new guidelines, the OAPA generally gives an inmate his projected release date within the applicable guideline range. Layne v. Ohio Adult Parole Authority, 97 Ohio St. 3d 456, 458 (2002). These guidelines are not mandatory, however, and the OAPA has the discretion to depart upward or downward from the guideline score. Id.

Mr. Hall appeared before a panel from the OAPA for his first parole hearing on December 8, 1998, after serving 81 months in prison. The OAPA assigned him to a guideline score of Offense Category 10, Risk Factor 1, which he claims requires the inmate to serve 120-180 months of incarceration before receiving a parole release date. Under the guidelines, rape convictions generally are assigned to Offense Category 9 which carries a guideline range of 84-120 for inmates with a risk factor of 1. Offense Category 10 may be assigned to a rape offender only if serious bodily injury occurs, the victim is raped by more than one offender, the victim is less then 16 years of age and the offense is committed by force or threat of force, or the victim is kidnaped to facilitate the offense. The APA based its Category 10 assignment on the fact that Mr. Hall, over an extended period of time, raped his young son by use of force or threat of use of force. (Pet. App. at 8.) They then concluded that, "due to the unusually aggravated nature of the crime(s), the very young age of this victim, and the long term emotional damage to the victim, an upward departure [from the Offense Category 10 guideline range of 120-180 months] to 180-240 months is warranted." (Pet. App. at 8.) The hearing was continued to December 2008.

Mr. Hall filed a Motion to Withdraw his Guilty Plea with the Trumbull County Court of Common Pleas on September 18, 1999. He claimed he had been denied the effective assistance of counsel because he had been led to believe he would be released from prison after serving seven years of incarceration, that for this reason his plea was not made knowingly and voluntarily, and that the state had breached his plea agreement by applying parole guidelines which were not in effect at the time of his conviction. His Motion was denied on November 9, 2000. Mr. Hall appealed the denial of his Motion in February 2001. That Appeal was denied for failure to prosecute the action. He filed a second Motion to Withdraw his Guilty Plea on September 14, 2001

3

stating it was predicated on new evidence. He again asserted ineffective assistance of counsel and claimed his plea was not made knowingly or voluntarily. The Motion was denied on October 16, 2001. Mr. Hall appealed that decision and the judgment was affirmed on September 6, 2002.

The Ohio Supreme Court then issued its decision in Layne v. Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002) on December 18, 2002. The court struck down the OAPA's practice of assigning the guideline offense category score based not only on the offense of conviction, but also on crimes which were charged in the indictment but which were later dismissed under a plea agreement. This often resulted in an offense category score that was higher than that which was applicable to the offense of conviction, and consequently a much longer projected release date. Id. The court stated that the OAPA must begin its decision-making process concerning parole eligibility by assigning an inmate the offense category score that corresponds to the actual offense of which the inmate was convicted. Id. at 463. It reasoned:

> [T]he words "eligible for parole" in former R.C. 2967.13(A) ought to mean something. Inherent in the statutory language is the expectation that a criminal offender will receive meaningful consideration for parole. In our view meaningful consideration for parole consists of more than just a parole hearing in which an inmate's offense of conviction is disregarded and parole eligibility is judged largely, if not entirely, on an offense category that does not correspond to the offense or offenses of conviction set forth in the plea agreement. Under the practice [of utilizing offenses for which the inmate has not been convicted to determine the offense category scores] the language of former R.C. 2967.13 that an inmate "becomes eligible for parole at the expiration of his minimum term" is rendered meaningless.

Id. at 463-64. The court further emphasized that the OAPA "still retains its discretion to determine that an inmate should serve his or her maximum sentence, and in making that determination could consider relevant facts and circumstances relating to the offense or offenses of conviction,

4

"including crimes that did not result in conviction as well as other factors the [OAPA] deems relevant." Id. at 464.

Relying on the Layne decision, Mr. Hall filed a third Motion to Withdraw Guilty Plea on June 25, 2003, claiming that the state breached the plea agreement by applying parole guidelines which were not in effect at the time of his conviction. The trial court concluded that Mr. Hall had asserted this same argument in a previous Motion to Withdraw Guilty Plea and the Motion was barred therefore by the doctrine of res judicata. Nevertheless, the court addressed the merits of Mr. Hall's Motion stating that he had no right to release on parole prior to the expiration of his maximum sentence, and that even if he had asserted a valid claim, the proper vehicle to assert his claim would be a declaratory judgment or mandamus action, not a Motion to Withdraw Guilty plea under Ohio Criminal Procedure Rule 32.1.

Mr. Hall appealed that decision to the Ohio Eleventh District Court of Appeals. The Court of Appeals found that the State had breached Mr. Hall's plea agreement by basing its Offense Category 10 classification on its determination that Mr. Hall had raped a victim under the age of sixteen by force or threat of force. Pursuant to his plea bargain, the use of force specification was dismissed. "Convictions for rape, with no force specification, are violations of R.C. §2907.02(A)(1)(b) and do not correlate with an Offense Category 10. According to the new parole guidelines, appellant should have been classified as a Category 9 offender, and it was an error to increase appellant's parole eligibility time." (Pet. App. at 18.) The Court concluded that the OAPA still retained the authority to depart from the guideline range; however, it must at least start with the range applicable to the appropriate Offense Category. Nevertheless, the court determined that the decision of the trial court must be affirmed because a "motion to withdraw his plea is not a valid

5

remedy to challenge the constitutionality of the parole guidelines as applied and to compel the parole board to classify him pursuant to Layne." He was told the proper action to file would be one seeking mandamus or declaratory judgment.

Instead of filing one of these actions in the trial court as suggested by the Eleventh District Court of Appeals, Mr. Hall appealed the decision of the Eleventh District to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction on April 27, 2005.

Mr. Hall has now filed the within petition for a writ of habeas corpus contending he has exhausted his state court remedies. He asserts (1) that the OAPA's decision violated his right to due process and equal protection under the law because he had already served the minimum term required by the plea agreement; (2) the OAPA determined his parole release status using guidelines which were not in place at the time of his conviction in violation of the prohibition against ex post fact laws; and (3) the OAPA breached his plea agreement and denied him due process by assigning him to Offense Category 10 and then departing from that guideline range to 180-240. He seeks the issuance of a writ "freeing Petitioner from this unconstitutional confinement." (Pet. at 23.)

*Exhaustion of State Court Remedies*

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted

6

has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Mr. Hall has not exhausted his state court remedies. Both the Trumbull County Court of Common Pleas and the Eleventh District Court of Appeals told petitioner that he could not challenge his parole determination by filing a motion to withdraw guilty plea, but rather was required to bring his claims in a declaratory judgment action or mandamus action. See State of Ohio v. Hall, Case No. 2003-T-0114 (Ohio 11 Dist. Ct. App. Dec. 6, 2004)(stating "appellant's motion clearly indicates he did not wish to withdraw his plea per se, but instead ...wanted to compel the parole board to classify him pursuant to Layne")(full opinion found in Pet. App. at 5). Moreover, the Ohio Court of Appeals indicated he may be entitled to relief if he filed the appropriate action. Because he clearly has a viable remedy for relief in state court, he must exhaust that remedy before proceeding with a federal habeas corpus action.

## *Conclusion*

Based on the foregoing, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2254(b)(2). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

IT IS SO ORDERED.

        s/Ann Aldrich
        ANN ALDRICH
        UNITED STATES DISTRICT JUDGE

**Dated: November 29, 2005**

---

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.